IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| LEGACY COMMUNITY HEALTH SERVICES, INC., <br> *Plaintiff*, <br><br> v. <br><br> DR. KYLE JANEK, <br> In His Official Capacity as <br> Executive Commissioner of the Texas <br> Health and Human Services <br> Commission, | § § § § § § § § § § § § | Civil Action No. 4:15-CV-00025 |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE KEITH ELLISON:

Defendant Dr. Kyle Janek, in his official capacity as Executive Commissioner of the Texas Health and Human Services Commission ("Defendant" or "HHSC"), hereby submits this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss.

I. <u>Texas Children's Health Plan's Business Decision is not Fairly Traceable to Action by HHSC.</u>

It cannot be stressed enough that nothing in the Medicaid Act creates an entitlement for any provider to participate in the program. The Medicaid Act contains a "freedom of choice" provision for Medicaid recipients, 42 U.S.C. § 1396a(a)(23), but nothing in the Medicaid Act creates a right in any FQHC to provide services to a Medicaid recipient. Medicaid is for the benefit of the infirm, not for Medicaid providers like Legacy Community Health Services, Inc. ("Legacy"). *See Armstrong v. Exceptional Childcare Center, Inc.,* ——U.S. ——, ——, 135 S.Ct. 1378, 1354 (2015) ("We doubt, to begin with, that providers are intended beneficiaries (as opposed to mere incidental beneficiaries) of the Medicaid agreement, which was concluded for the benefit of the infirm whom the providers were to serve, rather than for the benefit of the providers themselves.") (internal citations omitted).

Legacy hangs its standing argument on the weak peg that the Texas Children's Health Plan ("TCHP") wanted to renegotiate the terms of its contract with Legacy, and that after the discussions with TCHP broke down, TCHP terminated its agreement with Legacy. Legacy goes on to state that HHSC "makes the convoluted argument that Legacy could only demonstrate harm it had accepted a lower payment but is somehow not harmed by TCHP's termination of its provider agreement." Pl.'s Mtn. in Opp. at n. 3. The very simple argument that HHSC makes—and has made—is that Legacy's harm is not traceable to conduct by HHSC under 42 USC 1396a(bb). *See Susan B. Anthony List v. Driehaus,* ——U.S. ——, ——, 134 S.Ct. 2334, 2341 (2014) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Rather, Legacy's harm results from its contract dispute with TCHP, and the business decision to end its contract with Legacy. HHSC is not

responsible for structuring its Managed Care Organization ("MCO") payment methodology in a way that satisfies the business concerns of MCOs or third-party providers, and Legacy provides no support for its position to the contrary.

> II. Legacy's Self-Inflicted Injury does not Confer Standing.

Legacy alternatively alleges that HHSC has no reimbursement mechanism for Federally Qualified Health Centers' ("FQHC") out-of-network services, which permits an MCO to make final FQHC payment determinations. That position is without merit, and is contradicted by Legacy's own affidavit. *See* ECF No. 61-1, Affidavit of Melisa Garcia at paras. 11, 12. HHSC has developed a comprehensive set of administrative rules to both receive complaints of and remedy non-payment to a provider for out-of-network services provided to a MCO patient with which the provider does not have a contract. See generally 1 Tex. Admin. Code § 353.4 (2015). Legacy is not under threat of "holding the bag" here. Legacy can submit a complaint "regarding reimbursement for or overuse of out-of-network providers" to HHSC. 1 Tex. Admin. Code § 353.4(f)(1). HHSC will report back to the provider within 60 days of the complaint concerning any corrective actions required of a MCO, and the amount of any reimbursement owed. 1 Tex. Admin. Code § 353.4(f)(3). Legacy blithely claims in its response in opposition that the administrative process cited does not exist. Pl.'s Opp. to Mtn. at p. 12. Presumably as a result of Legacy's disregard of the system, Legacy has not submitted a single complaint under 1 Tex. Admin. Code § 353.4 concerning non-payment for out-of-network services to HHSC, despite its claim that TCHP has denied approximately 650 claims. *See* ECF No. 61-1, Affidavit of Melisa Garcia at paras. 11, 12. Legacy cannot manufacture standing by claiming the administrative process for recovering payments due for out-of-network services does not exist, while also providing an affidavit that proves Legacy understands the process exists and that Legacy has not bothered to use it. If Legacy is not receiving reimbursement for its out-of-network services, that is not traceable to any action by HHSC under 42 U.S.C. 1396a(bb), but rather to Legacy's own refusal to

3

seek administrative relief. Such a self-inflicted injury is not fairly traceable to conduct by HHSC, and is not an injury that would confer standing. *See Clapper v. Amnesty Int'l. U.S.*, 133 S.Ct. 1138, 1150-52 (2013) ("In other words, respondents cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is certainly not impending.").

In *Clapper*, various individuals challenged Section 702 of the Foreign Intelligence Surveillance Act of 1978, claiming they were injured because of an "objectively reasonable likelihood" that they would be subjected to surveillance as a result of their work. *Clapper v. Amnesty Int'l. U.S.*, 133 S.Ct. at 1143. Alternatively, the claimants alleged that they suffered as a result of taking burdensome and costly steps to protect the confidentiality of their communications because of their perceived fear of surveillance. *Id.* In finding that claimants failed to establish an injury based on the theory that they were injured by taking steps to protect the confidentiality of their communications, the Court reasoned that "respondents cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is certainly not impending."

Here, Plaintiffs are going to great lengths to allege that they are suffering from non-payment for out-of-network services, yet they have failed to seek administrative relief. By its own admission, Plaintiff has not properly submitted a single claim for unpaid out-of-network services to HHSC for review. *See* ECF No. 61-1, Affidavit of Melisa Garcia at paras. 12. More to the point, Plaintiff appears to suggest in its affidavit that it does not intend to submit any of the 650 claims it alleges have been denied. *See* ECF No. 61-1, Affidavit of Melisa Garcia at paras. 12. Plaintiff cannot blame HHSC for decisions made by TCHP; refuse to engage in the administrative process HHSC established; and then claim that such actions create standing for its lawsuit. As in *Clapper*, Plaintiff here speculates about what HHSC will do with its claims, if received, but Plaintiff's alleged harm is hypothetical at this point; and, given Plaintiff's refusal to submit its claims to HHSC, the harm of being denied payment on account of actions by HHSC certainly is not impending.

4

III. <u>Legacy has failed to state a claim based on its out-of-network service payments</u>

Legacy argues that it stated a claim by virtue of its allegation that federal law requires that states ensure MCO contracts describe whether the MCO or the state is responsible for reimbursing an FQHC at its PPS rate for certain out-of-network services. Legacy's position rests on the assumption that it can enforce 42 U.S.C. § 1396b(m)(2)(A)(vii) by virtue of that section having been "subsumed within a state's larger obligation to ensure reimbursement for all FQHC services[.]"Pl.'s Opp. to Mtn. at p. 18. Legacy's argument runs thus: Legacy has a private right to enforce 42 U.S.C. § 1396a(bb); therefore, Legacy has the right to bootstrap claims deriving from other sections of the Medicaid Act onto its alleged private right under § 1396a(bb). Legacy raises this argument to salvage its claim following termination of its contract with the Texas Children's Health Plan because the FQHC payment provision forming the basis of this action requires, as an initial matter, that the services paid for by the State must be "…services furnished by a Federally-qualified health center…pursuant to a contract between the center…and a managed care entity[.]"42 U.S.C. § 1396a(bb)(5). As this Court is well aware, Legacy's contract with TCHP ended February 1, 2015. Pl.'s. 2nd Am. Compl. at paras. 27, 28. Legacy has not alleged a contract that this Court could order HHSC to supplement, even if the Court found such payments were required by federal law. Legacy's attempt to bootstrap claims under alternative provisions of the Medicaid Act that it did not raise in its Second Amended Complaint cannot save it from the plain language of § 1396a(bb)(5).

As discussed in HHSC's Motion to Dismiss, Legacy cites no binding authority for its position that it has a private right of action under § 1396a(bb), let alone the position that a private right of action under one provision of the Medicaid Act grants a Plaintiff the right to privately enforce all provisions of the Medicaid Act that it argues have been "subsumed" into its provision of choice. Legacy has no private right of action under 42 U.S.C. § 1396b(m)(2)(A)(vii), and it has provided no binding authority to the contrary on that point. Allowing Legacy to bootstrap its claims here to survive

5

HHSC's pending Motion to Dismiss would require this Court to establish a precedent novel to this circuit that would grant an end run around the *Gonzaga v. Doe* analysis. Accordingly, Legacy's claims against HHSC should be dismissed in their entirety.

Dated: April 27, 2015.

Respectfully submitted,

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | /s/Eric A. Hudson<br>ERIC A. HUDSON<br>Assistant Attorney General |
| CHARLES E. ROY<br>First Assistant Attorney General | SDTX No. 1000759<br>Texas Bar No. 24059977<br>P.O. Box 12548, Capitol Station |
| JAMES E. DAVIS<br>Deputy Attorney General for Defense Litigation | Austin, Texas 78711-2548<br>Tele: (512) 936-6417<br>Fax: (512) 478-4013 and<br>(512) 477-2348 |
| ANGELA V. COLMENERO<br>Division Chief<br>General Litigation Division | Eric.hudson@texasattorneygeneral.gov<br>*Attorney for Dr. Kyle Janek, In His Official Capacity as Executive Commissioner of the Texas Health and Human Services Commission* |

## CERTIFICATE OF SERVICE

I certify that on April 27, 2015, a copy of this response was electronically filed on the on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorneys in charge for plaintiff:

>Michael J. Collins
>COLLINS, EDMONDS, POGORZELSKI,
>SCHLATHER & TOWER, PLLC
>1616 South Voss Road, Suite 125
>Houston, Texas 77057
>Telephone: (281) 501-3425
>Facsimilie: (832) 415-2535
>E-mail: mcollins@cepiplaw.com

>Edward T. Waters
>Gregory M. Cumming
>FELDESMAN, TUCKER, LEIFER, FIDELL, L
>1129 2oth Street, N.W. Fourth Floor
>Washington, D.C. 20036
>Telephone: (202) 466-8690
>Facsimilie: (202) 293-8103
>E-mail: ewaters@ftlf.com
>E-mail: gcumming@ftlf.com

/s/Eric A. Hudson
ERIC A. HUDSON