IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| LEGACY COMMUNITY HEALTH SERVICES, INC., <br> *Plaintiff,* <br><br> v. <br><br> DR. KYLE JANEK, <br> In His Official Capacity as <br> Executive Commissioner of the Texas <br> Health and Human Services <br> Commission, <br> *Defendants,* | § § § § § § § § § § § § § | Civil Action No. 4:15-CV-00025 |

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE KEITH ELLISON:

NOW COMES Defendant Dr. Kyle Janek, in his official capacity as Executive Commissioner of the Texas Health and Human Services Commission ("Defendant" or "HHSC"), and files his *Answer to Plaintiff's Second Amended Complaint*, and in support hereof, would show the Court the following:

**I. ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in Plaintiff's Second Amended Complaint except for those expressly admitted herein. The numbered paragraphs and headings herein correspond to the paragraphs and headings within the body of Plaintiff's Second Amended Complaint.

As to the introductory paragraph, HHSC denies that it has violated federal Medicaid payment requirements with respect to the Plaintiff; and, further denies that the violations alleged resulted in the termination of Plaintiff's provider agreement with the Texas Children's Health Plan or Plaintiff's ability to receive reimbursement for services provided to out-of-network patients. HHSC denies that any of its policies will result in irreparable harm to Legacy or to Legacy's patients.

1

## JURISDICTION AND VENUE

1. Paragraph 1 contains legal conclusions to which no answer is required.

2. Paragraph 2 contains legal conclusions to which no answer is required.

## PARTIES

3. Defendant admits the allegations in this paragraph.

4. Defendant admits the allegations in this paragraph.

5. Defendant denies that Dr. Kyle L. Janek is the duly appointed Executive Commissioner of HHSC. Defendant denies that Dr. Janek is the Texas state official ultimately charged with supervision and control of public assistance programs and services, including the Medicaid program. Defendant denies that Dr. Janek is sued in his official capacity.

## LEGAL FRAMEWORK
### Health Centers

6. Defendant admits the allegations in this paragraph.

7. Defendant admits the allegations in this paragraph.

### The Medicaid Program

8. Defendant admits the allegations in this paragraph.

9. Defendant admits the allegations in this paragraph.

10. Defendant admits the allegations in this paragraph.

### Medicaid Managed Care

11. Defendant admits the allegations in this paragraph.

12. Defendant admits the allegations in this paragraph.

13. Defendant admits the allegations in this paragraph.

## FACTUAL BACKGROUND

14. HHSC lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; and therefore, denies the same.

15. Defendant admits the allegations in this paragraph.

16. Defendant admits the allegation in the first sentence of this paragraph. Defendant denies the balance of the allegations in this paragraph to the extent that the requirements have been superseded by the waiver approved by the Center for Medicaid and Medicare Services.

**Changes to Texas's FQHC Payment System and TCHP's Response**

17. Defendant admits the allegations in this paragraph.

18. HHSC lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; and therefore, denies the same.

19. HHSC lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; and therefore, denies the same.

20. HHSC lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; and therefore, denies the same.

**TCHP's November 2014 Termination of Legacy's Provider Agreement**

21. HHSC lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; and therefore, denies the same.

22. Defendant admits the allegations in this paragraph.

23. HHSC lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; and therefore, denies the same.

24. HHSC lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; and therefore, denies the same.

25. Defendant admits the allegations in this paragraph.

26. HHSC lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of this paragraph; and therefore, denies the same. HHSC admits that

it sent January 8, 2015, an email stating, "TCHP states they understand that for certain members, especially our pregnant members, they will have to provide them with an out of network authorization to continue care past February 1st. This is a routine operation for the Health Plan and they will work to ensure all members have continuity of care."

27. Defendant admits the allegations contained in this paragraph.

## HARM TO PLAINTIFF

28. As to the first sentence of this paragraph, HHSC admits that TCHP terminated Legacy's provider agreement, but denies the balance of the contention contained in the first sentence. HHSC denies the allegations contained in sentences two and three of this paragraph.

29. HHSC lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; and therefore, denies the same.

30. HHSC lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; and therefore, denies the same.

31. HHSC denies the allegations contained in paragraph 31.

## CAUSES OF ACTION
## COUNT I
## 42 U.S.C. § 1983

**HHSC'S Violation of the FQHC Payment Provisions in 42 U.S.C. § 1396a(bb)**

32. Paragraph 32 does not require a response.

33. Paragraph 33 contains legal conclusions to which no response is required.

34. Paragraph 34 contains legal conclusions to which no response is required.

35. Paragraph 35 contains legal conclusions to which no response is required.

## PRAYER FOR RELIEF

Paragraphs 1-5 of Plaintiff's Prayer for Relief contain legal conclusions and argument to which no response is required.

## II. AFFIRMATIVE DEFENSES

Pleading further, Defendant hereby asserts the following affirmative defenses to which it may be entitled:

1. Sovereign immunity bars any and all of Plaintiff's claims to which that defense may apply.

2. The Eleventh Amendment bars any and all of Plaintiff's claims to which that defense may apply.

3. To the extent that Plaintiff's claims or filings occurred outside the applicable statutory periods or were not thoroughly exhausted through any required administrative process, its claims are barred;

4. Defendant reserves the right to raise additional affirmative defenses as they become apparent during the development of the case.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court enter judgment for him, and against Plaintiff, holding that Plaintiff take nothing by this action and award Defendant such further relief to which he is entitled, including costs and attorney's fees.

July 23, 2015

Respectfully submitted,

KEN PAXTON
Texas Attorney General

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/Eric A. Hudson
ERIC A. HUDSON
Assistant Attorney General
Texas State Bar No. 24059977
Attorney-in-Charge
S.D. Texas Admission No. 100o759
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-6417
Facsimile: (512) 478-4013
eric.hudson@texasattorneygeneral.gov
*Counsel for Dr. Kyle Janek, In His Official Capacity as Executive Commissioner of the Texas Health and Human Services Commission*

CERTIFICATE OF SERVICE

I certify that on July 23, 2015, a copy of this response was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorneys in charge for plaintiff:

Michael J. Collins
COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC
1616 South Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimilie: (832) 415-2535
E-mail: mcollins@cepiplaw.com

Edward T. Waters
Gregory M. Cumming
FELDESMAN, TUCKER, LEIFER, FIDELL, LLP
1129 2oth Street, N.W. Fourth Floor
Washington, D.C. 20036
Telephone: (202) 466-8690
Facsimilie: (202) 293-8103
E-mail: ewaters@ftlf.com
E-mail: gcumming@ftlf.com

                                                  /s/Eric A. Hudson
                                                  ERIC A. HUDSON