IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| LEGACY COMMUNITY HEALTH SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DR. KYLE L. JANEK, in his Official Capacity as Executive Commissioner of the Texas Health and Human Services Commission, <br><br> Defendant. | Case No.: 4:15-CV-00025 |

## PLAINTIFF'S SUPPLEMENTAL FILING

In response to the Court's request for supplemental briefing on the issue of so-called "out-of-network" services, Plaintiff Legacy Community Health Services, Inc. ("Legacy") submits the following three points in support of its Motion for Summary Judgment:

1. The statutory requirements at issue are clear and unambiguous. 42 U.S.C. § 1396a(bb)(2) provides that a federally-qualified health center ("FQHC") such as Legacy is entitled to be reimbursed at its prospective payment system ("PPS") rate for certain ambulatory services provided to Medicaid beneficiaries. *New Jersey Primary Care Ass'n, Inc. v. New Jersey Dept. of Human Servs.*, 722 F.3d 527, 539 (3d. Cir. 2013) ("[u]nder the Medicaid statute, the State is, indeed, responsible for reimbursement of the entire PPS rate for *all* Medicaid-eligible encounters").

42 U.S.C. §1396b(m)(2)(A)(vii), provides that when a state delivers care through Medicaid managed care organizations ("MCO"), it must specify in its MCO contract whether the MCO or the state is obligated to pay for services "immediately required due to an unforeseen

illness, injury, or condition" when those services are provided to a Medicaid beneficiary who is enrolled with a MCO with which the provider is not contracted. As this Court noted, that provision addresses "whether Legacy should turn first to the MCO or the state for payment" of the services it encompasses. ECF No. 66, at 13 n.4.

Two Circuit Courts of Appeals have squarely confronted and explained the interaction between those two provisions. Both courts found that the provisions require an FQHC to be paid at its PPS rate for services provided on an out-of-network basis. As the Fourth Circuit explained, "[i]n plain language, . . . [§ 1396b(m)(2)(A)(vii)] requires States to include in their contracts with managed care organizations a provision that requires either the managed care organization or the State to reimburse out-of-network health centers for services provided to the managed care organization's Medicaid enrollees when such services are 'immediately required due to an unforeseen illness, injury or condition.'" *Three Lower Cnties. Cmty. Health Servs, Inc. v. Maryland*, 498 F.3d 294, 304 (4th. Cir. 2007). That is, the "unmistakably clear statutory requirements" are that "either the State or the [MCO] to compensate a health center . . . even if the health center is out-of-network" and such compensation must "be equal to the [FQHC's] statutory per-visit rate." *Id.*

Further, the Second Circuit found that "to the extent that out-of-network services constitute a part of the services provided by FQHCs, there must be some arrangement by which FQHCs may be reimbursed for them." *Cmty. Health Care Assn' of New York v. Shah*, 770 F.3d 129, 157 (2d. Cir. 2014). "[I]f this arrangement stops short of ensuring full repayment for these services . . . then it does not comport with the statute." *Id.*

2. The Texas Health and Human Services Commission ("HHSC") has simply failed to implement § 1396b(m)(2)(A)(vii) and has consequently violated Legacy's PPS payment right

2

for the services described therein, which fall within the scope of the FQHC services described in 42 U.S.C. § 1396a(bb)(1).

HHSC cannot point to a provision of its model MCO contract that implements or even references § 1396b(m)(2)(A)(vii). In addition, FQHC services provided on an out-of-network basis must, regardless of the scope of the services, be paid at an FQHC's PPS rate. HHSC cannot identify an out-of-network payment provision that provides for reimbursement at an FQHC's PPS rate. *See* 1 Tex. Admin. Code § 353.4(c)(1), ECF No. 84-9, at 4 (providing out-of-network reimbursement at the "Medicaid fee-for-service (FFS) rate in effect on the date of service less five percent . . . .").

3. In contrast to HHSC's failure to do so here, both New York and Maryland have implemented § 1396b(m)(2)(A)(vii). New York acknowledged the distinction between "emergency services," and the requirement that FQHCs be reimbursed for what the court termed "Medically Necessary Services" (*i.e.* the services captured by § 1396b(m)(2)(A)(vii)) through provisions of its standard MCO contract. That contract mirrors the Social Security Act in explicitly differentiating between § 1396b(m)(2)(A)(vii)'s "services immediately required due to an unforeseen illness, injury, or condition" and "emergency services," which are typically rendered in a hospital emergency room setting. *Cmty. Health Care Assn' of New York v. Shah*, 921 F. Supp. 2d 130, 135 & n.5 (S.D.N.Y. 2013); *see* Exhibit A. Maryland implemented § 1396b(m)(2)(A)(vii) through a regulation that addresses out-of-network FQHC reimbursement and specifically references those services. *See* Exhibit C, Md. Code. Reg. 10.09.65.20; *see also*

*Three Lower Cnties.*, 2011 WL 4986133, at *3 (D. Md. 2011) (*aff'd* by *Three Lower Cnties*, 490 Fed. Appx. 601, 602 (4th Cir. 2012).[1]

Further, the New York litigation resulted in new court-enforced rate codes designed to reimburse FQHCs at their PPS rates whenever an MCO denied a claim for the out-of-network services described in § 1396b(m)(2)(A)(vii). *See* Exhibit B.

In sum, HHSC's purported out-of-network payment provisions fail to address the correct scope of services — those specified by § 1396b(m)(2)(A)(vii), nor the correct payment rate for those services — in this case an FQHC's PPS rate. As such, the Court should grant Legacy's motion for summary judgment on this issue.

    Respectfully submitted,

    LEGACY COMMUNITY HEALTH SERVICES, INC.

    By: /s/ Michael J. Collins
    Michael J. Collins – Attorney-in-Charge
    mcollins@ip.lit.com
    Texas Bar No. 04614510
    Southern District of Texas I.D. No. 15643
    COLLINS, EDMONDS, SCHLATHER & TOWER, PLLC
    1616 South Voss Rd., Suite 125
    Houston, Texas 77057
    Telephone: (713) 501-3425
    Facsimile: (832) 415-2535

---

[1] Even if implementation of § 1396b(m)(2)(A)(vii) gives a state discretion, HHSC's construction of the statute is impermissible, as "emergency services" and services "immediately required due to an unforeseen illness, injury, or condition" are separate and distinct. When Congress enacted a payment mechanism for emergency services through the Balanced Budget Act of 1997, it acknowledged this distinction, stating that current law *already required* that MCO contracts "provide that either the MCO or the state shall reimburse enrollees for medical necessary services provided by a nonparticipating provider if the services were immediately required due to an unforeseen illness, injury, or condition." *See* H. Conf. Rep. 105-217, at 851 (July 30, 1997). A permissible construction cannot be one that reads words out of a statute, or that renders another provision of a statute superfluous or meaningless. *Corley v. U.S.*, 556 U.S. 303, 314 (2009); *see Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984).

Of Counsel:

Edward T. Waters
ewaters@ftlf.com
Gregory M. Cumming
gcumming@ftlf.com
FELDESMAN TUCKER LEIFER FIDELL LLP
1129 20th Street, N.W., Fourth Floor
Washington, D.C. 20036
(202) 466-8960 (telephone)
(202) 293-8103 (facsimile)

## CERTIFICATE OF SERVICE

  I hereby certify that all counsel of record who registered as filing users of the Court's CM/ECF system are being served with this filing per LR5.1.

April 25, 2016               */s/ Michael J. Collins*
                         Michael J. Collins